# Exhibit A

Filing # 50035213 E-Filed 12/14/2016 11:47:51 AM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

**GENERAL JURISDICTION DIVISION**

CASE NO.

CAPTEN TRADING LTD.,

    Plaintiff,

vs.

BANCO SANTANDER INTERNATIONAL

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, CAPTEN TRADING LTD., sues the Defendant, BANCO SANTANDER INTERNATIONAL, and alleges:

**SUBJECT MATTER JURISDICTION**

1. This is an action for damages exceeding $15,000.00 exclusive of interest, costs and attorney's fees.

**PARTIES**

2. The Plaintiff, CAPTEN TRADING LTD, is a foreign corporation doing business in Miami Dade County, Florida.

3. Defendant, BANCO SANTANDER INTERNATIONAL ("Santander") is an international banking association and foreign corporation that conducts and engages in banking business at multiple locations in Miami-Dade County, Florida and elsewhere and is sui juris.

1

## VENUE

4. All known actions giving rise to the claim occurred in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

5. In or about 2013, Roberto Bienenwald ("Mr. Bienenwald") opened several sub accounts with Santander under the corporate name Capten Trading LTD.

6. Under this customer-bank relationship. Santander undertook certain contractual and other legal duties including that of a fiduciary over those amounts/monies belonging to the account holder(s).

7. The nature of Capten Trading LTD's real estate business dealings would require international financial transactions were all conducted via wire transfers.

8. At the time of opening the accounts, Mr. Beinenwald was given a specific pin number (or NIP) and a "code sheet" - which, apparently, is a code sheet common to all bank customers - to use when sending a wire from their account to a third party.

9. Mr. Bienenwald's bank official knew that he was purchasing these three condominium units.

10. In February 2015, Mr. Bienenwald, through Capten Trading LTD purchased three (3) condominium units at Paraiso Bayview in Miami-Dade County, Florida.

11. Mr. Bienenwald paid three deposits – one deposit for each unit- via wire transfer to South Florida Property Escrow ("SFPE").

12. The three wire transfers were sent within the ordinary course of business and without incident. All were to be sent by wire transfer.

2

13. An additional 10% deposit was due on each unit on July 2015.

14. Wire instructions were sent by fax for one of the wires and received by SFPE.

15. However, two other wires were not properly handled by Santander and the funds were wired to unauthorized beneficiaries.

16. Specifically, on July 27, 2015, $47,490.00 was negligently sent to "M.SAMP Enterprises" and the other for $47,690.00 went to "TTYG Investments" on July 28, 2015. Those two wire documents are attached hereto as **Exhibits A and B** respectively.

17. On September 3, 2015, two additional unauthorized wires were made from Plaintiffs' bank account to third parties, "Mackymola Inc." for $95,380.00; the other one was to "AZZ Auto Center, Inc." for $94,980.00.

18. Although these two wires show the reference for the wires was for escrowing monies for the "Paraiso Bayview Contracts", these two beneficiaries had nothing to do with residential real estate and thus, should have been a red flag for Santander.

19. On September 10, 2015, another two unauthorized wire transfers went out of Plaintiff's account to a beneficiary named "Green Ventures". However, those wires were returned because the Green Ventures account, apparently, was closed.

20. In relation to these unauthorized "GreenVentures wires", the Santander account officer called Plaintiff's representative, Roberto Bienenwald asking whether the two wires to Hong Kong - one for $50,000 and the other for $52,000.00 - had been authorized by him. He advised that he never sent wires to Hong Kong and the bank officer told him that fortunately, those wires did not go through because the "NIP" (or the code sheet) was wrong.

3

21. On October 2, 2015, Santander recognizing its own mistakes made some credits to Plaintiff's account with an explanation that the bank had recovered some of the money from the unauthorized third party beneficiary banks.

22. At the end of the day however, due to Santander's negligence, a total of $190,000.00 was transferred out of Plaintiffs' account without its knowledge, consent or authorization.

23. Santander's bank account officials' fraudulent wires were without Plaintiff's consent.

24. On September 29, 2016, Plaintiff delivered to Santander, a demand letter for immediate return of the monies. Santander failed and refused to pay the sum legally due and demanded. A copy of this letter is attached as **Exhibit C**.

25. Plaintiff's demand conformed to the requirements of §772.11, Fla. Stat. (2008).

26. Plaintiff has retained counsel to represent it and is obligated to pay a reasonable fee to counsel to prosecute the claims herein.

27. As a direct and proximate result of Santander's actions, Plaintiff has suffered damages, including, but not limited to loss of use of and access to the money, interest thereon, travel expense and attorney's fees in its attempt to obtain return of the funds.

28. Plaintiff has satisfied all conditions precedent to the institution of suit or they are waived or excused.

4

## COUNT I – BREACH OF CONTRACT

The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 28 inclusive and further alleges that;

29. The Plaintiff and Santander had a contractual relationship with the Plaintiff being the bank customer and Santander being the bank itself.

30. Under this contractual relationship, Santander had several contractual obligations. Amongst those obligations, Santander was required to safeguard the deposits of its bank customer. Inherent with that obligation was the need to implement and follow effective policy, protocol and measures to ensure that any checks presented against the Plaintiff's deposit monies or wires transmitting funds from the Plaintiff's deposit monies be properly authorized by the Plaintiff.

31. Santander breached the contract between the parties by failing to safeguard Plaintiff's funds in that Santander failed to detect fraudulent wire transfer orders against funds in the Plaintiff's account as described above.

32. As a result of Santander's breach of contract, Plaintiff has suffered damages. Plaintiff's consequential damages are $190,000.00, but the Plaintiff also has suffered special damages as a result of this breach. Specifically, the Plaintiff has lost the ability to invest these funds in a variety of forms and has thus suffered significant opportunity losses as a result of having been deprived of these monies.

33. Despite demand, Santander has failed or refused to compensate the Plaintiff for their losses.

WHEREFORE, Plaintiff demands judgment for its damages against Santander, in the principal amount of $190,000.00 plus interest thereon since the date of each respective

5

unauthorized wire transfer from Plaintiff's account, plus interest lost during the periods of non-investment, court costs and reasonable attorneys' fees and costs.

## COUNT II- NEGLIGENCE

The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 28 inclusive and further alleges that;

34. As a result of the bank/customer relationships between Plaintiff and Santander, Santander owed a duty to the Plaintiff to conform to a certain standard of conduct to protect the Plaintiffs' funds from unreasonable risk and unlawful activity that might result in the ability of a third party hacker to unlawfully remove funds from Plaintiff's account at Santander.

35. Santander failed in this duty and breached this duty of reasonable care to the Plaintiff by not having sufficient security controls and measures to prevent a third party hacker from accessing the account of a Santander customer facilitating the ability of such third party to conduct unauthorized wire transfers from a customer's account, in this particular case, the Plaintiff's account. did

36. As a direct and proximate result of Santander's negligence, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment for damages against Santander in the principal amount of $190,000.00 plus interest thereon since the date of each respective unauthorized wire transfer from Plaintiff's account, plus interest lost during the periods of non-investment, court costs and reasonable attorneys' fees and costs.

## COUNT III – BREACH OF FIDUCIARY DUTY

The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 28 inclusive and further alleges that;

37. Roberto Bienenwald, the Plaintiff CEO, is an Argentinean citizen with very little business experience in the United States.

38. Consistent with most Latin American countries, bank customers for that region establish more than just a bank customer relationship; rather they view their bankers as fiduciaries; they seek comment, input, advice or counsel from their bankers as the Plaintiff did in this case.

39. Here, Mr. Bienenwald, on behalf of the Plaintiff, advised his banker of his interest in venturing into the hot and rising south Florida real estate market at the time. He told him what his plans were and how he was relying on the bank to support his investment efforts and the important role that the bank would play in that regard. Santander was eager to assist the Plaintiff in its business venture and offered its assistance and counsel. Santander's knowledge of this particular Plaintiff's banking interests and needs extended the traditional bank customer relationship into a fiduciary relationship.

40. The Plaintiff's banking officer at Santander gave the Plaintiff confidence and assuredness that Mr. Bienenwald and his company were essentially part of Santander's banking family and that Plaintiff could rely on Santander to protect its interest.

41. Based on the foregoing, the Plaintiff reposed his trust and confidence in Santander.

7

42. Santander breached its fiduciary duty by failing to adequately protect the Plaintiff's deposits at the bank in that its firewalls and other IT protections were not sufficient to prevent a third party hacker from electronically accessing the Plaintiff's bank account and removing money therefrom in the form of outgoing wire transfers from the account.

43. As a direct, natural and proximate result of this breach of fiduciary duty, the Plaintiff has incurred losses including the $190,000.00 plus special damages as alleged in Count I.

WHEREFORE, Plaintiff demands judgment for damages against Santander in the principal amount of $190,000.00 plus interest thereon since the date of each respective unauthorized wire transfer from Plaintiff's account, plus interest lost during the periods of non-investment, court costs and reasonable attorneys' fees and costs.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all triable issues.

Dated this ____ day of December, 2016.

Respectfully submitted,

s/ Richard Diaz

_____
Richard J. Diaz
F.B.N. 0767697
3127 Ponce de León Blvd.
Coral Gables, FL 33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
E-mail: rick@rjdpa.com

8

Desaparecian en act-

N.I.P ███                                    Lunes, 27 de julio de 2015

Señeros

Santander Private Banking

Att. Sres. Juan A. Sanchez Brañas/Jorge Ruiz

Presente

PLS TRANSNSFERIR LA CANTIDAD DE U$ 47,670.- ( Dolares Estadounidenses CUARENTA Y SIETE MIL SEISCIETOS NOVENTA) AL:

SANTANDER BANK

118-11 101ST AVENUE SOUTH RICHMOND HILL, NY 11419

SWIFT CODE: ███

BENEFICIARIO: TTYG INVESTMENT

ACCOUNT # ███

REF. NUMBER: 607-███ BAYVIEW CONTRACTS

UNIT # 2505, BUYER: ROBERTO C: BIENENWALD

Attention: SOUTH FLORIDA PROJECT ESCROW TEAM

PLS DEBITAR DICHO IMPORTE DE NUESTRA CUENTA CAPTEN TRADING LTD. # 115055856

CLIENTE # ███26

Desde ya muy agradecido,

*[signature]*

Roberto G. Bienenwald

Exhibit A   FT ███ Fraud

*devolvieron en oct -*
*devuelta x cta cerrada a Green Ventures en el acto*

N.I.P ███

Martes, 28 de julio de 2015

Señeros

Santander Private Banking

Att. Sres. Juan A. Sanchez Brañas/Jorge Ruiz

Presente

PLS TRANSNSFERIR LA CANTIDAD DE U$ 48,390 - ( Dolares Estadounidenses CUARENTA Y OCHO MIL TRESCIENTOS NOVENTA )AL:

CITI BANK

1200 LIBERTY AVE BROOKLYN NY 11208

SWIFT CODE: ███

BENEFICIARIO: M.SAMP ENTERPRISES

ACCOUNT # ███

REF. NUMBER: ███ -PARAISO BAYVIEW CONTRACTS

UNIT # 3804, BUYER: ROBERTO C: BIENENWALD

Attention: SOUTH FLORIDA PROJECT ESCROW TEAM

PLS DEBITAR DICHO IMPORTE DE NUESTRA CUENTA CAPTEN TRADING LTD. # 115055856

CLIENTE # ███ 26

Desde ya muy agradecido,

*[signature]*
Roberto S. Bienenwald

Exhibit B    FT ███   Fravde

LAW OFFICES OF
# RICHARD J. DIAZ, P.A.

RICHARD J. DIAZ
ANA M. SANTISTEBAN

3127 PONCE DE LEON BOULEVARD
CORAL GABLES, FL 33134

(305) 444-7181
FAX (305) 444-8178

September 26, 2016

Santander Private Banking
Legal Department
1401 Brickell Ave, Ste 200
Miami, FL 33131

> RE:  Account Holder:  Capten Trading Ltd.
>      Account #:       ending in 856

Dear Santander Bank:

Please be advised that I represent Roberto Bienenwald ("Mr. Bienenwald"), one of the account directors of the account at your bank named Capten Trading, Ltd. together with Matias Bienenwald and Jorge Bienenwald.

In 2013, Mr. Beinenwald opened an account at your bank with several sub-accounts. He was given a specific pin number (or NIP). He was also given a "code sheet", which, apparently, is a code sheet common to all bank customers to use when sending a wire from their account.

In February 2015, Mr. Bienenwald purchased three (3) condominium units at Paraiso Bayview in Miami Dade County, Florida. Mr. Bienenwald paid three deposits – one deposit for each unit- via wire transfer to South Florida Property Escrow ("South Florida"). The 3 wire transfers were sent within the ordinary course of business and without incident. An additional 10% was due on each unit in July 2015. One of those wires was sent by fax and received by South Florida. However, the other two - which were sent by wire - were not properly handled by the bank and sent to unauthorized beneficiaries. Specifically, $47,490.00 was negligently sent to "M.SAMP Enterprises" and the other for $47,690.00 went to "TTYG Investments". Those two wire documents are attached hereto as Exhibits A and B respectively. If you put those two documents together and up to the light you can tell that the signatures were "cut and pasted". The TTYG wire was dated July 27, 2015 and the M.Samp wire was done the following day. It appears that what might have permitted these unauthorized wires was the hacking of Mr. Bienenwald's (your customer) computer, but that does not excuse the bank.

Exhibit C

Two months later, in September 2015, two additional unauthorized wires were made from his account, both on Thursday, September 3, 2015. One was to Mackymola Inc. for $95,380.00; the other one was to AZZ Auto Center, Inc. for $94,980.00. Interestingly, these two wires show the reference for the wires was for escrowing monies for the "Paraiso Bayview Contracts". These two beneficiaries had nothing to do with residential real estate and thus, should have been a red flag for the bank, especially because Mr. Beinenwald's bank official knew that he was purchasing these residential units. Moreover, once again, if you put the two documents together and hold them up to the light, you can see that the signatures are identical in every regard, proportion, height, length, etc.

On September 10, 2015, yet another two unauthorized wire went out of Mr. Bienenwald's account with a beneficiary named "Green Ventures". However, that wire was returned because the Green Ventures account, apparently, was closed. In relation to these unauthorized wires, the account officer called Mr. Bienenwald asking whether the two wires to Hong Kong - one for $50,000 and the other for $52,000.00 - had been authorized by him. He advised that he never sends wires to Hong Kong and the officer told him that fortunately, those wires did not go through because the NIP or the code sheet was wrong.

On October 2, 2015, the bank made some credits to Mr. Bienenwald's account with the explanation that they had recovered some of the money from the beneficiary banks.

In short and in sum, due to Santander's negligence, $190,000.00 was transferred out of his account without his knowledge, consent or authorization. We expect the bank to make immediate restitution to this account.

Santander Private Banking is hereby placed on notice that its failure to do so is causing my client special damages, not just the interest or other benefits he has by having these monies in his account. In addition my client hereby demands payment for all of his legal fees and costs incurred in this matter.

Sincerely,

Richard Diaz

cc: Roberto Bienenwald
    Frank Rubino, Esq.